**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 118967

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION**

| | |
|---|---|
| Michael P. McDonough, individually and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Leopold & Associates, PLLC and Trinity Financial Services, LLC,<br><br>Defendants. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Michael P. McDonough, individually and all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Leopold & Associates, PLLC and Trinity Financial Services, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

**INTRODUCTION**

1.   This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.   This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

1

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Michael P. McDonough is an individual who is a citizen of the State of Pennsylvania residing in Allegheny County, Pennsylvania.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Leopold & Associates, PLLC, is a New York Professional Limited Liability Company with a principal place of business in Westchester County, New York.

9. On information and belief, Defendant Trinity Financial Services, LLC, is a Florida Limited Liability Company with a principal place of business in Orange County, Florida.

10. Defendants regularly collect or attempt to collect debts asserted to be owed to others.

11. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12. The principal purpose of Defendants' business is the collection of such debts.

13. Defendants use the mails in its debt collection business.

14. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

15. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

16. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

17. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

18. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

19. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer—understands the notice he or she receives." *Russell*, 74 F.3d at 34.

20. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

21. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

**ALLEGATIONS SPECIFIC TO PLAINTIFF**

22. Defendants allege Plaintiff owes a debt ("the alleged Debt").

3

23. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

24. The alleged Debt originally stems from a March 22, 2004 note and mortgage between Plaintiff and PNC Bank, N.A. related to a property located at 948 Broadmeadow Drive, Pittsburgh, PA 15237.

25. The alleged Debt does not arise from any business enterprise of Plaintiff.

26. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. Plaintiff last made a payment on the Debt on November 22, 2007.

28. PNC Bank, N.A. accelerated the debt in or about February 2008.

29. On or about September 25, 2018, PNC Bank, N.A. assigned the note and mortgage to US Mortgage Resolution LLC.

30. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

31. At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

32. Under Pennsylvania law, the alleged Debt became time barred on or about February 2012. See Pennsylvania Statutes Title 42 Pa.C.S.A. Judiciary and Judicial Procedure § 5525.

33. In its efforts to collect the alleged Debt, Defendants contacted Plaintiff by letter ("the Letter") dated September 24, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

34. The Letter states at the top, "**NOTICE OF INTENTION TO FORECLOSE MORTGAGE**".

35. The Defendants subsequently contacted Plaintiff by various emails and attempted to have Plaintiff enter into a payment arrangement.

36. The Letter and the emails conveyed information regarding the alleged Debt.

37. The Letter and the emails are "communications" as defined by 15 U.S.C. § 1692a(2).

38. The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

39. The Letter and the emails falsely advise the Plaintiff that the Defendants could actually foreclose on the time-barred alleged Debt and that Plaintiff is legally liable to pay the alleged sum.

40. The Letter states that "If you do not cure this default within THIRTY-FIVE (35) DAYS, Trinity may also start a lawsuit to foreclose on your mortgaged property, 948 BROADMEADOW DR, PITTSBURGH, PA 15237. Since Defendants are aware that the Debt is time-barred under Pennsylvania Law and that the lapsing of the statute of limitations is a full and absolute defense to any legal action, Defendants had no intention to commence any legal foreclosure action against Plaintiff.

41. The Letter further states "If the mortgage is foreclosed your mortgaged property will be sold by the Sheriff to pay off the mortgage debt." Since Defendants are aware that the Debt is time-barred under Pennsylvania Law and that the lapsing of the statute of limitations is a full and absolute defense to any legal action, Defendants had no intention to commence any legal foreclosure action against Plaintiff and are aware that the mortgaged property would not be sold by the Sheriff to pay off the mortgage debt.

42. The Letter additionally warns, "If you do not cure this default within THIRTY FIVE (35) DAYS, TRINITY may also start a lawsuit to sue you personally for the unpaid principal balance and all other sums due under the note and mortgage."

43. By threatening Plaintiff with legal actions and remedies which would not be undertaken and/or could not occur, Defendants were hoping to fraudulently coerce Plaintiff to reaffirm the time-lapsed obligation thus brining it back to within the statute of limitations.

44. The Letter and the emails were received and read by Plaintiff.

45. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendants deprived Plaintiff of this right.

46. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendants deprived Plaintiff of this right.

47. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FIRST COUNT
## Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10)

48. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

49. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendants deprived Plaintiff of this right.

50. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

51. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

52. 15 U.S.C. § 1692e(5) prohibits the threat to take any action that cannot legally be taken or is not intended to be taken.

53. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

54. The Letter threatens legal action against Plaintiff.

55. The Letter and the emails falsely advise the Plaintiff that the Defendants could actually foreclose on the time-barred alleged Debt and that Plaintiff is legally liable to pay the alleged sum.

56. The Letter and the emails contain false language threatening Plaintiff about legal actions that cannot be taken on the alleged Debt.

57. Collection communications are examined for purposes of 15 U.S.C. § 1692e under the "least sophisticated consumer" standard.

58. As a result of the false threat set forth above, the Letter and the emails would mislead the least sophisticated consumer to believe that the alleged Debt could be foreclosed; and therefore, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10).

59. As a result of the false and deceptive threat set forth above, the Letter and the emails would unduly coerce the least sophisticated consumer into making payments on the alleged Debt; and therefore, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10).

60. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10) and are liable to Plaintiff therefor.

## SECOND COUNT
### Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

61. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

62. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

63. 15 U.S.C. § 1692g(a)(1) provides that the written notice must contain the amount of the debt.

64. 15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

65. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

66. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

67. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

68. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

69. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

70. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

71. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

72. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

73. Threatening to take legal action without explaining that such threat does not override the consumer's right to dispute the debt is a violation of 15 U.S.C. § 1692g(b).

74. Threatening to take legal action without explaining that such threat does not override the consumer's right to request validation of the debt is a violation of 15 U.S.C. § 1692g(b).

75. Threatening to take legal action without explaining that such threat does not override the consumer's right to request the name and address of the original creditor is a violation of 15 U.S.C. § 1692g(b).

76. The Letter threatens legal action against Plaintiff.

77. The Letter fails to advise that the threat of lawsuit for foreclosure does not override the Plaintiff's right to dispute the alleged Debt.

78. The Letter fails to advise that the threat of lawsuit for foreclosure does not override the Plaintiff's right to request validation of the alleged Debt.

79. The Letter fails to advise that the threat of lawsuit for foreclosure does not override the Plaintiff's right to request the name and address of the original creditor.

80. The least sophisticated consumer, upon reading such threat, could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless face foreclosure.

81. The least sophisticated consumer, upon reading such threat, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt, she could face foreclosure even during the verification process.

82. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the alleged Debt.

83. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the alleged Debt.

84. As a result of the foregoing, the threat of foreclosure would likely make the least sophisticated consumer confused as to her rights.

85. As a result of the foregoing, the threat of foreclosure would likely make the least sophisticated consumer uncertain as to her rights.

86. Defendants violated 15 U.S.C. § 1692g(b) as the threat of lawsuit for foreclosure overshadows the disclosure of the consumer's right to dispute the alleged Debt.

87. Defendants violated 15 U.S.C. § 1692g(b) as the threat of lawsuit for foreclosure overshadows the disclosure of the consumer's right to request validation of the alleged Debt.

88. Defendants violated 15 U.S.C. § 1692g(b) as the threat of lawsuit for foreclosure overshadows the disclosure of the consumer's right to request the name and address of the original creditor.

89. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

90. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

91. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

92. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

93. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

94. The least sophisticated consumer could reasonably interpret the Letter to mean

that even if she exercises her validation rights, she could nevertheless face foreclosure.

95. The least sophisticated consumer, upon reading such threat, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the alleged Debt, she could face foreclosure even during the verification process.

96. Because the Letter is open to more than one reasonable interpretation it violates 15 U.S.C. § 1692e.

97. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

98. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and are liable to Plaintiff therefor.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e

99. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

100. 15 U.S.C. §1692g(a)(3) requires to debt collector to: "Within five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing — a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

101. In this Circuit, a dispute of a debt, to be effective, must be in writing. *See Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142 (3d Cir. 2013).

102. The Letter states in part: "Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after the receipt of this letter, the debt will be assumed to be valid by Trinity."

103. The Letter further states, "You may find out at any time exactly what the required payment will be by calling Trinity at 855-818-6806," encouraging Plaintiff to contact Defendant by phone.

104. The Letter fails to state explicitly that a dispute to be effective, must be in writing and sent to the address listed below.

105. The failure to provide a proper 15 U.S.C. §1692g(a)(3) notice is a violation of the FDCPA.

106. A debt collector has the obligation not just to convey the 15 U.S.C. §1692g(a)(3) notice, but also to convey such clearly.

107. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

108. The Letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute must be in writing.

109. The least sophisticated consumer upon reading the Letter would likely be confused as to what she must do to effectively dispute the alleged debt.

110. The least sophisticated consumer upon reading the Letter would likely be unsure as to what she must do to effectively dispute the alleged debt.

111. The Letter did not convey the 15 U.S.C. §1692g(a)(3) notice clearly from the perspective of the least sophisticated consumer.

112. The Letter did not adequately set forth the 15 U.S.C. §1692g(a)(3) notice.

113. The Letter, because of the aforementioned failures, violates 15 U.S.C. §1692g(a)(3). *See Cadillo v. Stoneleigh Recovery Assocs., LLC*, No. CV 17-7472-SDW-SCM, 2017 WL 6550486 (D.N.J. Dec. 21, 2017), *motion to certify appeal denied,* No. CV177472SDWSCM, 2018 WL 702890 (D.N.J. Feb. 2, 2018).

114. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

115. While Section 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

116. A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

117. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

118. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

119. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

11

120. The least sophisticated consumer upon reading the Letter would likely be misled into believing that if she wished to effectively dispute the Debt, she may notify Defendant by calling the telephone numbers listed, or write to Defendant at the address listed.

121. The least sophisticated consumer would likely be confused concerning whether, to dispute the debt, she may notify Defendant by calling the telephone numbers listed, or write to Defendant at the address listed.

122. The least sophisticated consumer would likely be uncertain concerning whether, to dispute the debt, she may notify Defendant by calling the telephone numbers listed, or write to Defendant at the address listed.

123. The least sophisticated consumer would likely be uncertain as to her rights.

124. The least sophisticated consumer would likely be confused as to her rights.

125. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

126. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

127. The least sophisticated consumer would likely be deceived by the Letter.

128. The least sophisticated consumer would likely be deceived in a material way by the Letter.

129. Defendants violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

130. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e. *See Cadillo v. Stoneleigh Recovery Assocs., LLC*, No. CV 17-7472-SDW-SCM, 2017 WL 6550486 (D.N.J. Dec. 21, 2017), *motion to certify appeal denied,* No. CV177472SDWSCM, 2018 WL 702890 (D.N.J. Feb. 2, 2018).

## CLASS ALLEGATIONS

131. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Pennsylvania.

132. Plaintiff seeks to certify two classes of:

    i. All consumers to whom Defendants sent collection letters or

> emails, whereby they falsely and deceptively threatened of lawsuit for foreclosure or carried on a communication in furtherance of such threat, without informing the consumers of the legal status of such debts, which letters or emails were sent on or after a date one year prior to the filing of this action to the present.
>
> ii. All consumers to whom Defendants sent collection letters which failed to inform the consumers that in order to successfully dispute the debt, such disputes must be in writing, which letters were sent on or after a date one year prior to the filing of this action to the present

133. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

134. The Class consists of more than thirty-five persons.

135. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

136. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

137. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

138. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c. Finding Defendants' actions violate the FDCPA; and

    d. Granting damages against Defendants pursuant to 15 U.S.C. § 1692k; and

    e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Granting Plaintiff's costs; all together with

    g. Such other relief that the Court determines is just and proper.

DATED: January 20, 2020

**BARSHAY SANDERS, PLLC**

By: /s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 118967